

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-4-2005

# Burke v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3770

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Burke v. Atty Gen USA" (2005). *2005 Decisions.* Paper 738.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/738

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 04-3770
_____

EVELYN B. BURKE,

Appellant

v.

*ALBERTO GONZALES;
EDWARD MCELROY;
IMMIGRATION & NATURALIZATION SERVICE

(*Pursuant to F.R.A.P. 43(c))

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 03-cv-00379)
District Judge: Honorable Robert F. Kelly

_____


Submitted Under Third Circuit LAR 34.1(a)
August 3, 2005

Before: VAN ANTWERPEN, GREENBERG and NYGAARD, Circuit Judges

(Filed:   August 4, 2005)

_____

OPINION

_____

PER CURIAM

Evelyn Burke appeals from an order of the United States District Court for the Eastern District of Pennsylvania, dismissing his habeas petition. We will affirm.[1]

Burke is a native and citizen of Jamaica. As the parties are familiar with the procedural history of this case, we need not repeat all the details here. Pertinent to this appeal, on May 20, 2002, Burke filed a habeas petition in the United States District Court for the Eastern District of New York, raising a claim under the United Nations Convention Against Torture (CAT). In the petition, Burke stated that the Immigration Court ignored his repeated requests to reopen his removal proceedings so that he could present his CAT claim, and argued that he should therefore not be required to exhaust his administrative remedies before seeking relief from the federal courts. On December 2, 2002, the United States District Court for the Eastern District of New York ordered that the petition be transferred to the United States District Court for the Eastern District of Pennsylvania, and stated that the stay of deportation previously entered would remain in effect "pending further order in the transferee court." Burke attempted to appeal the transfer to the United States Court of Appeals for the Second Circuit, but that court entered an order dismissing the appeal on May 8, 2003, noting that a transfer order is not appealable. The transferred petition was docketed in the Eastern District of Pennsylvania on May 20, 2002.

---

[1] This Court denied Burke's motion for a stay of removal on October 28, 2004.

Ten days later, an Immigration Judge (IJ) granted Burke's motion to reopen his proceedings to present his CAT claim. The IJ denied relief on the CAT claim on January 22, 2003, and the Board of Immigration Appeals (BIA) affirmed on June 18, 2003. On September 8, 2004, the Government filed a response to Burke's habeas petition, arguing that Burke had already received the relief he sought; that is, he received a hearing on his CAT claim. The Government argued that even if Burke's CAT claim was properly before the court, which it was not, he could not show that the decision to deny him relief under the CAT was unconstitutional. The following day, the District Court entered the following order, with no accompanying opinion:

> And now this 9th day of September, 2004, upon consideration of the Petition for Writ of Habeas Corpus, and the Government's response in opposition thereto, it is hereby ordered that the petition is dismissed. The stay of removal heretofore entered in the above-captioned case is hereby revoked.

Burke filed a timely appeal.[2]

As the Government argued in the District Court, when the IJ heard Burke's CAT claim and the BIA heard his appeal, Burke received the relief he sought in his habeas

---

[2] We recently decided in <u>Bonhometre v. Gonzales</u>, __ F.3d __, No. 04-2037, 2005 WL 1653641, at *2 (3d Cir. July 15, 2005) that "those habeas petitions that were pending before this Court on the effective date of the Real ID Act [Pub. L. 109-13, May 15, 2005] are properly converted to petitions for review and retained by this Court." Thus, Burke's habeas petition is now technically a petition for review of a final agency decision. However, at the time he filed the habeas petition, there was no final decision on his CAT claim; thus, we will affirm the District Court's dismissal of the petition for lack of jurisdiction.

petition, thus rendering his petition moot. Supp. App. at 20.[3] To the extent Burke sought review of the merits of his CAT claim, the petition was premature, as he had failed to exhaust administrative remedies at the time the petition was filed. See Duvall v. Elwood, 336 F.3d 228, 232-33 (3d Cir. 2003) (exhaustion of administrative remedies before alien files habeas petition challenging final order of removal is jurisdictional requirement). We will therefore affirm the judgment of the District Court.[4]

---

[3] The Government argues here that the District Court considered and denied Burke's CAT claim on the merits. We do not agree. The order states that the petition was "dismissed," which clearly shows that the Court did not reach the merits.

[4] The Motion by Appellees for Summary Affirmance is denied as moot. Appellant's motion to consider his 8/25/03 habeas corpus petition as part of the District Court record and his motion to hold proceedings in abeyance pending New York Eastern District Court's Determination on Unconstitutional Criminal Conviction are denied. Appellant's "Request to Construe Pending Habeas Petition as Petition for Review of BIA June 18, 2003, Decision Denying CAT, pursuant to the REAL ID Act of 2005" will be granted in part by separate order.